■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES WORRILL, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the former County Court, Kings County, rendered January 11, 1960, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence, defendant appeals from an order of the Supreme Court, Kings County, dated June 30, 1966, which denied the application without a hearing. Order affirmed. Defendant's allegation that he was misled by the County Court into believing he was pleading to a misdemeanor when, in fact, he was pleading to a felony is conclusively refuted by the minutes of his guilty plea (*People* v. *Richetti*, 302 N. Y. 290). Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.

■ SEYMOUR ROSENTHAL, Appellant, v. SECURITY MUTUAL INSURANCE COMPANY OF NEW YORK et al., Respondents.— In this action for declaratory judgment, plaintiff appeals, as limited by his notice of appeal and his brief, from so much of an order of the Supreme Court, Kings County, dated May 27, 1969, as denied him summary judgment declaring (1) that he was an insured under the automobile liability insurance policy issued to him by respondent Security Mutual Insurance Company of New York and that the policy was in full force and effect on December 24, 1967, (2) that under the policy said respondent is obligated to defend him in a negligence action brought against him by the additional defendant, Sylvia Printz, (3) that said respondent is obligated to pay, within the limits of the policy, all sums which he may be obligated to pay by reason of any recovery or judgment rendered in favor of the additional defendant, Sylvia Printz, in the negligence action, and (4) that said respondent is liable to pay the damages and expenses, including attorneys' fees, that he has incurred to date in conducting his own defense in the negligence action. Order reversed insofar as appealed from, on the law, with $10 costs and disbursements against respondent Security Mutual Insurance Company of New York, and summary judgment granted to plaintiff, making the declaration as hereinabove set forth. We find that the original contract of insurance, for which the premium was fully paid, was a divisible one and not subject to cancellation for failure to pay the premium for the additional and more comprehensive coverage after the issuance of the original policy. Rabin, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.